# THE NEW YORK, WEST SHORE AND BUFFALO RAIL-WAY COMPANY, APPELLANT, *v.* CHARLES OMEROD AND OTHERS, RESPONDENTS.

*Injunction — damages sustained by the granting of a temporary injunction — the defendant is not entitled to any, if the injunction was properly granted, even though the action be subsequently discontinued by the plaintiff.*

APPEAL from an order made at a Special Term appointing a referee to assess the damages sustained by the defendants, by reason of an injunction granted herein upon the application of the plaintiff.

The plaintiff is a corporation formed under the general railroad law of the State. The road was laid out in front of a brick-yard owned by the defendants. Being unable to purchase the land, it was condemned under the right of eminent domain, and all the proceedings necessary to acquire and perfect the title were taken. After the plaintiff had commenced the construction of the causeway across the waters of the river in front of the defendant's brick-yard, a voluntary arrangement was perfected, by which the company was to leave an opening in the way for the passage of vessels to the yard. This was done, and over it was placed a bridge for the passage of the railroad construction train, in such a manner that it could be raised when vessels were to pass through. After this the defendants caused a large schooner to move into this opening, and come to anchor there, so as to prevent the plaintiff from using the railroad and temporary track. Thereupon an injunction was applied for and obtained, restraining the defendants from obstructing the use of the draw-bridge, except for orderly ingress and egress by vessels, and ordering the removal of the schooner from the gap.

After this the proceedings for the condemnation of the land were reversed and the motion to continue the injunction was thereupon denied. On the 18th day of July, 1882, a notice of discontinuance of this action was served, and the defendants' costs were paid. On the 19th day of July, 1882, the defendants served notice of a motion for a final judgment that the plaintiff was not entitled to the injunction. The motion was granted and a referee was appointed to

ascertain the damages sustained by the defendants by reason of the injunction. This order was subsequently modified by the substitution of a different referee. From both these orders the plaintiff appeals.

The court at General Term said : " The plaintiff was entitled to the injunction at the time of its procurement as a plain matter of right. The land had been acquired and was in the lawful possession and occupation of the company, and the intrusion of the defendants was a wrong perpetrated designedly and without excuse.

" How, then, has the action taken by the plaintiff for its protection, in the exercise of a lawful right to use its own property, become a wrong for which it must respond in damages to the defendant ?

" How can a malicious trespasser, who is arrested in his wrong, obtain compensation from the party who brought him to cessation ? Certainly a reversal of proceedings cannot convert that into a right which was before a wrong, nor *vice versa.*

" It appears from the papers before us that the proceedings by which the plaintiff acquired the title to the lands were reversed by the Court of Appeals, but that is by no means a determination that the plaintiff was not entitled to the injunction at the time it was issued. (*Methodist Churches* v. *Barker*, 18 N. Y., 465.) Such refusal may have been for irregularity without affecting the merits. It does not appear to us it was not so, and the burden rested on the defendants to show it. No damage can be awarded or assessed unless the court finally decides that the plaintiff was not entitled to the injunction at the time it was issued. (Code Civ. Pro., § 620 ; *Benedict* v. *Benedict*, 15 Hun., 306 ; *Weeks* v. *Southwick*, 12 How., 170 ; *Shearman* v. *New York Central Mills*, 11 How., 269 ; *Palmer* v. *Foley*, 71 N. Y., 106.)

" This examination shows that the plaintiff was entitled to the injunction order at the time it was issued, and the determination in the order appealed from, that it was not so entitled, is erroneous.

" There was therefore no breach of the undertaking, and the defendants cannot assess damages.

" The cases of *Carpenter* v. *Wright* (4 Bosw., 655) and *Pacific Mail Company* v. *Leuling* (7 Abb. [N. S.], 37) are not authorities against this conclusion."

*Cassedy & Brown*, for the appellant.

*E. A. Brewster*, for respondents Charles and Jerome Walsh.

*Wm. W. Badger*, for respondents Omerod and others.

Opinion by DYKMAN, J.; BARNARD, P. J., concurred; CULLEN, J., not sitting.

Order of reference and order canceling same reversed, with costs and disbursements.